IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LOCAL UNION NO. 226 I.B.E.W. OPEN END PENSION TRUST, a Trust Fund, | ) |
| and | ) |
| SHAWN SMITH and ROBERT BAUSCH TRUSTEES OF LOCAL UNION NO. 226 I.B.E.W. OPEN END PENSION TRUST, | ) |
| and | ) |
| LOCAL UNION NO. 226 I.B.E.W. OPEN END HEALTH & WELFARE TRUST, a Trust Fund, | ) |
| and | ) |
| SHAWN SMITH and ROBERT BAUSCH TRUSTEES OF LOCAL UNION NO. 226 I.B.E.W. OPEN END HEALTH & WELFARE TRUST, | ) **No.** |
| Plaintiffs, | ) |
| vs. | ) |
| **MAY ELECTRIC, INC.** | ) |
| **[SERVE:   Jennifer L. May**<br>**Registered Agent**<br>**150 SW 33rd Street**<br>**Topeka, KS 66611]** | ) |
| Defendant. | ) |

## C O M P L A I N T

### COUNT I

Come now Plaintiffs, Local Union No. 226 I.B.E.W. Open End Pension Trust, a Trust Fund, and Shawn Smith and Robert Bausch, duly appointed and acting Trustees of the Local Union No. 226 I.B.E.W. Open End Pension Trust who are authorized to maintain this action on behalf of the

Pension Trust and all the Trustees of the Local Union No. 226 I.B.E.W. Open End Pension Trust, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

2. Plaintiffs, Shawn Smith and Robert Bausch, are duly appointed and acting Trustees of the Local Union No. 226 I.B.E.W. Open End Pension Trust who are authorized to maintain this action on behalf of the Pension Trust and all the Trustees of the Local Union No. 226 I.B.E.W. Open End Pension Trust; Plaintiff, Local Union No. 226 I.B.E.W. Open End Pension Trust (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3. Said Plaintiff Fund was established on January 1, 1969, pursuant to the collective bargaining agreement entered into between the Kansas Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and International Brotherhood of Electrical Workers Local Union No. 226, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 2, 1999.

4. The situs of the Plaintiff Fund is the City of Topeka, Kansas, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Kansas and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant May Electric, Inc. is a Kansas corporation doing business in the State of Kansas, and at all times material herein employed electricians performing work covered by the collective bargaining agreement herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151, and 29 U.S.C. § 185.

8. At all times material herein, Defendant stipulated and agreed to be bound by the terms and conditions of collective bargaining agreement then in effect and that would subsequently be in effect between the Association and the Union; that Defendant is thereby bound by all collective bargaining agreement in effect on said date and subsequent thereto.

9. At all material times herein, Electrician employees of the Defendant were employed under the terms of the above referenced collective bargaining agreement between the Association and the Union under which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreement; and to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. An audit of Defendant's books and records for the period **January 1, 2017 through December 31, 2018,** shows that Defendant owes Plaintiffs **ELEVEN THOUSAND, NINE HUNDRED SIXTY-EIGHT AND 10/100 ($11,968.10) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, TWO HUNDRED SEVENTY-SEVEN AND 01/100 ($2,277.01) DOLLARS** as and for liquidated damages and **ONE THOUSAND, ONE HUNDRED SIXTY-SEVEN AND 45/100 ($1,167.45) DOLLARS** as and for interest.

11. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2019,** to date, and Plaintiffs are unable to determine the

total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **January 1, 2019**, to date.

12. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. § 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

13. Under the agreement hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreement to make payments to said Plaintiff Fund have been faithfully performed.

14. The collective bargaining agreement and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15. The collective bargaining agreement and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended

16. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreement and Trust Agreement, as amended, and herein referred to.

17.     Defendant is required by Section 515 of ERISA, 29 U.S.C. § 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreement and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2019,** to date;

B.      For judgment against Defendant in the amount of **ELEVEN THOUSAND, NINE HUNDRED SIXTY-EIGHT AND 10/100 ($11,968.10) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, TWO HUNDRED SEVENTY-SEVEN AND 01/100 ($2,277.01) DOLLARS** as and for liquidated damages and **ONE THOUSAND, ONE HUNDRED SIXTY-SEVEN AND 45/100 ($1,167.45) DOLLARS** for interest due and owing for the period **January 1, 2017 through December 31, 2018**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreement times the hourly amounts due under said agreement for the period **January 1, 2019,** to date;

C.      For judgment against Defendant for liquidated damages;

D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employee;

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## **COUNT II**

Come now Plaintiffs, Local Union No. 226 I.B.E.W. Open End Health & Welfare Trust, a Trust Fund, and Shawn Smith and Robert Bausch, duly appointed and acting Trustees of the Local Union No. 226 I.B.E.W. Open End Health & Welfare Trust who are authorized to maintain this action on behalf of the Welfare Trust and all the Trustees of the Local Union No. 226 I.B.E.W. Open End Health & Welfare Trust, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Shawn Smith and Robert Bausch, are duly appointed and acting Trustees of the Local Union No. 226 I.B.E.W. Open End Health & Welfare Trust who are authorized to maintain this action on behalf of the Welfare Trust and all the Trustees of Local Union No. 226 I.B.E.W. Open End Health & Welfare Trust; Plaintiff Local Union No. 226 I.B.E.W. Open End Health & Welfare Trust (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the

Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Fund was established on January 1, 1966, pursuant to the collective bargaining agreement entered into between the Kansas Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and International Brotherhood of Electrical Workers Local Union No. 226, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 2, 1999.

3. An audit of Defendant's books and records for the period **January 1, 2017 through December 31, 2018**, shows that Defendant owes Plaintiffs **ELEVEN THOUSAND, THREE HUNDRED EIGHTY-FIVE AND 03/100 ($11,385.03) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, THREE HUNDRED NINETY-THREE AND 62/100 ($2,393.62) DOLLARS** as and for liquidated damages and **ONE THOUSAND, TWO HUNDRED THIRTEEN AND 67/100 ($1,213.67) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2019,** to date;

B. For judgment against Defendant in the amount of **ELEVEN THOUSAND, THREE HUNDRED EIGHTY-FIVE AND 03/100 ($11,385.03) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, THREE HUNDRED NINETY-THREE AND 62/100 ($2,393.62) DOLLARS** as and for liquidated damages and **ONE THOUSAND, TWO HUNDRED THIRTEEN AND 67/100 ($1,213.67) DOLLARS** for interest due and owing for the period **January 1, 2017 through December 31, 2018**; and for judgment

against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreement times the hourly amounts due under said agreement for the period **January 1, 2019,** to date;

  C.  For judgment against Defendant for liquidated damages;

  D.  For judgment against Defendant for interest on the unpaid fringe benefit contributions;

  E.  For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

  F.  For judgment against Defendant for audit costs incurred in the prosecution of this cause;

  G.  For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

  H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employee;

  I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

  J.  For judgment against Defendant for costs incurred in this action; and

  K.  For such other relief as the Court may deem appropriate.

Respectfully Submitted,

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.


*/s/ Bradley J. Sollars*_____
Bradley J. Sollars, KS No. 21673


*/s/ Aaron D. Schuster*_____
Aaron D. Schuster, KS No. 25567
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
(816) 421-5788
FAX (816) 471-5574
*Attorneys for Plaintiffs*